SAVOY, Judge.
This suit was instituted by plaintiff against defendant, praying for a money judgment against defendant in the sum of $7,807.77 with interest at the rate of 6% ■ per annum from date, together with attorney fees. Plaintiff alleged in its petition-that it was a holder in due course of a *311 promissory note in the sum stated above and which was signed by defendant as maker.
Defendant filed an answer admitting the signing of the note in question, hut denying he was indebted to plaintiff.
In his answer, defendant filed a recon-ventional demand alleging that plaintiff, defendant in reconvention, was indebted to him in the sum of $60,575.15, plus an undisclosed amount which could he proved by ordering defendant in reconvention to render an accounting to him.
For purposes of this opinion, plaintiff in reconvention will hereafter be referred to as “Roane”.
In his reconventional demand, Roane alleged that in 1958 defendant in recon-vention, hereinafter referred to as “the corporation”, appointed him as its agent to sell an insecticide manufactured by it, bearing the name “Endrin”; and in consideration for his selling the product, he was to receive yí cent per pound. Said agency agreement was renewed in 1959; and in 1960, the agreement was enlarged to include the entire line of products produced and sold by the corporation. In the latter agreement, the corporation granted to Roane the exclusive right to sell said products in the Parishes of Vermilion, St. Martin, Lafayette, St. Mary and Iberia, Louisiana. Roane stated that as a result of the aforesaid agreement, he earned a commission of $6,012.45 from sales made to customers on behalf of the corporation. Roane claimed a commission of $1,750.00 because of sales made directly to Sterling Sugars, Inc. of St. Mary Parish, by a representative of the corporation.
Roane alleged further that he engages airplanes in spraying insecticides; that in 1960 he applied by this method 71,800 pounds of Endrin on farm lands belonging to Southdown, Inc. and B. Leman Bros.; that because of the defective quality of the Endrin, he had to re-spray the above properties; that the corporation paid to him a portion of the cost of spraying, namely, $1,077.00, but that his total cost of re-spraying the above farms was $3,590.-00, and accordingly, the corporation is indebted to him in the sum of $2,413.00 for this operation.
Roane also alleged that the corporation was indebted to him in the sum of $400.00 for insecticide which he delivered to Valentine Sugar Company in anticipation of spraying their property; that Valentine decided not to have Roane spray their property; and the corporation, without Roane’s knowledge and consent, picked up said insecticide and converted it to its own use and refused to pay Roane for same.
The last claim made by Roane is one for $50,000.00 in torts because of a letter written by the corporation to its customers which Roane alleges libeled him. To these items of damages, the corporation filed a plea of prescription of one year. The trial judge ruled that the claim in torts should be rejected for two reasons: (1) they had not been proven; and (2) the plea of prescription of one year filed by the corporation was good. We agree with the trial judge that the claim made by Roane in torts is without merit and was properly rejected by the district court.
The corporation introduced invoices and other documents totaling $11,630.22, which it claimed Roane owed to it. They allowed him a credit of $3,822.45, leaving an alleged balance due it of $7,807.77, which is the amount of the note sued on in the instant case, and which was signed by Roane as maker.
On the trial of the case, Roane stated he went to the home office of the corporation and signed the note in question with the understanding that commissions were due him in an unknown sum, and that when the invoices came in, he would receive his commission for those sales. The witnesses for the corporation denied this statement.
We are of the opinion that Roane is liable on the note in the instant case.
*312 LSA-R.S. 7:24 provides:
“Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
LSA-R.S. 7:28 declares:
“Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto; whether the failure is an ascertained and liquidated amount or otherwise.”
Since Roane signed the note voluntarily and admitted the signature thereon, the burden of proof was on him to show lack of consideration. This he has failed to do. Accordingly, the judgment of the district court awarding the corporation judgment for the principal amount of the note, plus interest and attorney fees, is correct.
The third item for consideration is the reconventional demand of Roane for $6,-012.45. The dispute on this item concerns the commission due Roane on the sale of 741,000 pounds of Endrin sold by him. Doane contends that he is entitled to 50^ cwt, whereas the corporation contends that he is entitled to 25‡ cwt. The trial judge resolved the controversy in favor of Roane. We believe his reasons for doing so are logical, and we agree that Roane should be allowed $1,852.50 on this claim.
The trial judge also allowed Roane $337.-50 commission for sales made by him in 1961. Roane did not specifically claim this item in his reconventional demand. He did ask for an accounting. On this item the trial judge stated he would allow Roane to file an amended petition so as to claim this sum. Roane did not file said amended petition. Apparently the corporation is satisfied as to this item for it did not appeal from the judgment of the trial court, nor did it answer the appeal.
The fourth item claimed by Roane is $1,750.00 for commissions for merchandise sold by someone other than himself. Roane contends that he had an exclusive agency contract with the corporation for the five parishes mentioned in this opinion, whereas the corporation contends he did not. The overwhelming weight of the evidence is that he did not have an exclusive contract in the five parishes mentioned herein, and since he did not participate in the sale to Sterling Sugars, Inc., he is not entitled to the commission of $1,750.00 on said sale. This item was properly rejected by the trial judge.
Item five has to do with a claim by Roane for $2,413.00 because of re-application of Endrin in 1960 due to the defective condition of the original Endrin sprayed on two-farms. The court found that the evidence showed that Roane was to receive the actual cost of obtaining pilots to re-apply the insecticide. The record reveals that the corporation paid to Roane by check dated September 8, 1960, the amount expended for these services. Roane accepted and cashed the check without raising any objections to said transaction until the suit on the note was filed against him. This item was likewise properly rejected by the-district court.
The sixth item, for $400.00 because of the Valentine Sugar Company, has been abandoned by Roane.
Item seven for additional commission due Roane for 1959 was denied by the trial court. In the reconventional demand Roane did not contend that he had an exclusive contract with the corporation until 1961. The items in 1959 were not sold by Roane, and therefore, he is not entitled, to a commission for this sale.
Counsel for the corporation argues, that all of the costs of the instant suit should be taxed against Roane. Under the provisions of LSA-C.C.P. Article 1920, the trial judge is empowered to tax the costs of a suit as he deems equitable. Since Roane was allowed certain credits in this-. *313 suit, the trial judge was justified in decreeing that each party pay one-half of the costs.
For the reasons assigned, the judgment ■of the district court is affirmed. Appellant to pay the costs of this appeal.
Affirmed.