SAVOY, Judge.
Plaintiff filed suit on an open account against D. C. Roane, Inc. and Patout-Roane, a partnership, in the sum of $1,-350.72 for merchandise purchased by defendants and delivered to them by plaintiff. By supplemental petition, plaintiff alleged that defendants owed plaintiff the sum of $2,988.93 instead of $1,350.72 as alleged in the original petition.
Defendants filed an answer and recon-ventional demand wherein they admitted receiving the merchandise alleged in the original and supplemental petitions filed by plaintiff, but denied the correctness of the account. Then, assuming the position of plaintiff in reconvention, defendants alleged that plaintiff, defendant in reconvention, owed them in excess of $10,000.00 because of an agency agreement between the partnership of Patout-Roane and plaintiff, where D. C. Roane, Jr., as agent for *314 the partnership, was to sell "for the corporation certain insecticides and other similar products on a commission basis. Plaintiffs in reconvention asked for an accounting. By supplemental petition, plaintiffs in re-convention prayed that their original petition be amended by deleting the articles of the original petition insofar -as it dealt with the reconventional demand 'for the reason that'the claim was one asserted by D. C. Roane, Jr., individually, rather than by the partnership.
After issue was joined, the instant case was consolidated for trial with case bearing docket number 1202 of this Court, entitled Louisiana Agricultural Cooperative, Inc. v. D. C. Roane, Jr., 166 So.2d 310, decided this date. The evidence in the in--stant case will be found in suit number 1202.
After a trial on the merits, the district judge dismissed the claim against D. C. Roane, Inc. for the reason that the evidence révealed that the merchandise had been purchased for the partnership designated as Patout-Roane. He granted judgment against the partnership in the sum of $2,988.93 as prayed for in plaintiff’s supplemental petition, stating that plaintiff had made satisfactory proof of delivery of said merchandise to the partnership and that the partnership did not specially plead or prove payment of the merchandise delivered to it.
We are of the opinion that the ruling of the trial court is correct.
Defendants next complain that since they were sued jointly and severally under the provisions of LSA-C.C. Arts. 2079, 2080 and 2081, and not in solido, they should not bear all the costs of this suit since the demand of plaintiff against defendant, D. C. Roane, Inc., was dismissed by the trial judge.
LSA-C.C.P. Art. 1920 provides:
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
“Except as otherwise provided by law, the ’court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
Under the provisions of the above article, the trial" judge had the authority to tax defendant partnership with all costs of suit. This Court is of the opinion that the trial judge did not abuse the discretion granted him by the above article.
For the reasons assigned, the judgment of the district court is affirmed. Costs of this appeal are taxed against appellants.
Affirmed.